John H. Brooks
vs.    No. 91454
Ernest A. Page

February 5, 1934.

CAPOTOSTO, J. In an action of assumpsit, the plaintiff recovered a verdict of $500. The defendant claims that this finding is against the evidence.

At the time the plaintiff started to work for the defendant, he was out of employment. From November 18, 1931, to May 27, 1933, the plaintiff took care of a rooming house at 327 Washington Street, in the City of Providence, for the defendant. From the description given, the place was neither inspiring nor profitable. The plaintiff did whatever cleaning and housework was done. He accounted each week to the defendant for such rents as he collected. From the amount turned in he received a certain sum for himself. The plaintiff, who lived at the house rent free, says that $4 or $4.50 a week is a fair average of what he received over the entire period. Although he kept an account of what he collected, he made no record of what was paid to him by the defendant, because he was "ashamed" to put it down. He also claimed that he gave up a job in New York upon the express promise of the defendant to turn over the rooming house to him when it was "built up" or put on a paying basis This contention is too thin to be tenable either in law or in fact.

The defendant claims that he made a weekly settlement with the plaintiff which was mutually satisfactory. From a tabulation of his records (Defendant's Exhibit D), it appears that the plaintiff received an average of $7.38 a week over a period of eighty-one weeks in addition to free lodgings.

Throughout the entire time the plaintiff accepted his weekly amount without protest or complaint of any kind and continued to occupy the premises of the defendant rent free. He attempted to register a complaint in the form of a threat only upon being discharged for alleged intemperance.

Whether one applies the theory of estoppel, of accounts stated or of accord and satisfaction, the evidence strongly preponderates in favor of the conclusion that under the general distressing economic conditions then prevailing, the plaintiff was satisfied to secure a home and whatever money he could get in return for his services. His testimony in many respects is indefinite and evasive. The explanations which he gave of an elusive Mrs. Brooks and of his drinking were, to say the least, transparently insincere. The strong preponderance of the credible evidence tends to prove that the plaintiff got his living from week to week under conditions which through choice or necessity were at the time satisfactory. It is too late for him to change his mind now.

Motion for new trial granted.

For plaintiff: Carroll, Dwyer & Murphy.

For defendant: Arthur Cushing.